# Kimmel's Appeal.

1. A judgment note was filed of record, and a confession of judgment entered thereon. Subsequently the parties to the note, in the presence of the prothonotary, changed the terms thereof on the record. *Held*, that although this was an improper and unqualifiable tampering with the record, it would not, in the absence of actual fraud, postpone the judgment to the liens of subsequent creditors.

2. The note was merged in the judgment, and was a paper which was *functus officio*.

October 28th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Somerset county:* Of October and November Term 1879, No. 372.

Appeal of J. O. Kimmell and others from the decree of the

court confirming the report of the auditor to distribute the proceeds of a sheriff's sale.

On July 29th 1872, E. H. Marshall gave his judgment-note to Joseph Cummins for $2000, payable July 29th 1874, which note was entered of record in the Court of Common Ples of Somerset county, to No. 312, September Term 1872. At the time of its entry of record the note read as follows:—

" $2000. I owe and stand indebted unto Joseph Cummins, or order, in the sum of two thousand dollars, for value received, payable on the 29th day of July 1874, without interest.

" And I confess judgment for the above sum and authorize the prothonotary of Somerset county to enter the same of lien against me, with costs of suit, release of errors, and stay of execution until said sum becomes due.

" Witness my hand and seal this 29th July 1872.

E. H. MARSHALL. [SEAL.]"

When this note was entered of record there were no other judgments against Marshall.

On the same date that Marshall gave this judgment-note to Cummins, he also gave him four promissory notes for $100 each, for the interest on said judgment-note for two years at 10 per cent. On the 20th day of October 1875, said Marshall and Cummins went to the prothonotary's office, and in the presence of the prothonotary, altered the said judgment-note, by striking therefrom the syllable "out" in the word "without," making the note read *with* interest, no alteration being made in the entries of the case in the continuance and judgment dockets, but at the same time and place Marshall signed a confession of judgment of revival to Cummins for the sum of $2360, viz.: "$2000 debt, and $360 interest from 29th July 1872," and costs, which judgment of revival was, by direction of Cummins in writing to the prothonotary, entered of record to No. 291, November Term 1875. Cummins then returned the four promissory notes of $100 each to Marshall.

Between the time of the entry of the original judgment and the revival, a large number of judgments were entered against Marshall, amounting to more than $5500, and he became insolvent. Execution issued against him and his real estate was sold on a writ of fi. fa., to No. 47 of January Term 1876. The real estate was sold for $2860, and an auditor was appointed to distribute the fund, before whom Cummins claimed the whole amount of the revived judgment, with interest from July 29th 1875, and a feigned issue was asked and granted.

The foregoing facts were found by the jury, who also found that the alteration of the said judgment-note was not an actual fraud upon the creditors of E. H. Marshall, who entered liens between the date of the entry of the said note and the entry of the revival.

The case was then sent back to the auditor. On the hearing, counsel for creditors contended that the facts as found by the jury, constituted such a legal fraud as would vitiate the Cummins judgment, and that it must be postponed to all lien-creditors who intervened between the entry of the original judgment and the entry of the revival. The auditor, however, decided against this view of the case, and gave the Cummins judgment $2177.26, the full amount of the same with interest. The court confirmed the report of the auditor, when Kimmell, with the other subsequent judgment creditors, took this appeal and assigned this action of the court for error.

*W. H. Koontz, J. R. Edie* and *Coffroth & Ruppel,* for appellants.—The facts establish a legal fraud and afford sufficient grounds to postpone the Cummins judgment. As Marshall was present and consented to the change in the note, the judgment is valid against him, but in this controversy, the appellants stand in the same relation to Cummins and Marshall as if they were sureties in the note. Had they been sureties in the note, and the alteration had been made without their assent, they would have been released, although the principal would still be liable—even though the alteration had been made without any fraudulent design: Marshall et al. *v.* Gougler, 10 S. & R. 164; Fulmer *v.* Seitz, 18 P. F. Smith 237; Hopkins *v.* Reed, 1 Pitts. Rep. 120; Prowattain *v.* McTier, 1 Phila. Rep. 105. The revived judgment was the one on which the money was first claimed, and it was claimed on this by virtue of the lien of the original judgment, the record of which had been altered and defaced. The effort to now recover on the judgment as first entered is the same in principle as the attempt to recover on an increased note the original amount of the note, the very thing that was condemned in Neff *v.* Horner and Fulmer *v.* Seitz, *supra.*

*Baer & Baer,* for appellee.—Assume that the judgment-note was altered as stated, it was done by the parties after it had been merged in the judgment; it had no life then, no new suit could have been maintained on it; it was *functus officio.* The judgment as docketed is the judgment, and causes the lien, even though it differs from a paper filed in the case: Crutcher *v.* Commonwealth, 6 Whart. 340. No alteration or mutilation of the note could affect the judgment. The auditor was concluded by the judgment as docketed against which nothing appeared.

The judgment of the Supreme Court was entered November 10th 1879,

PER CURIAM.—The judgment-note in this case was altered by the agreement of both parties, and the jury upon the feigned issue have found that no actual fraud was intended upon the subsequent judgment-creditors. And no injury was done to them for the judg-

ment entered upon the note remained unaltered. It was indeed a very unjustifiable tampering with a paper which was on file as a part of the record, but it was a paper which was *functus officio.* It had merged in the judgment. The plaintiff in the judgment has been awarded what he was entitled to under the judgment as entered and no more. What injury then has been done to the appellant? Had actual fraud been intended, a very different state of circumstances would arise. But an ignorant and innocent alteration to correct what was supposed to be a common mistake in the original instrument, ought not to avoid the judgment which was properly and regularly entered and so remains.

Decree affirmed and appeal dismissed at the costs of the appellants.